[L. A. No. 11157.  In Bank.—June 12, 1931.]

JEREMIAH MARTIN, an Incompetent Person, etc., Respondent, v. LILLIAN LORRAINE, Appellant.

Neal E. Dow for Appellant.

E. M. Swartz for Respondent.

RICHARDS, J.—The plaintiff commenced this action against the defendant to have his title quieted as to a certain piece of land situate in the county of Los Angeles, state of California, to wit: Lot two hundred (200) of Grider-Hamilton Oswald Company's Heights, as per map thereof recorded in the office of the county recorder of said county. The complaint is in the usual form, alleging the plaintiff to be the owner and in possession of said premises, and further alleging that the defendant claims and asserts an interest therein adverse to the plaintiff, but that such claim is without right, and that the defendant has no right, title or interest in the premises or any part thereof. The defendant appeared and answered the plaintiffs complaint, denying the material allegations thereof and as a further and separate defense alleged that at the date of her answer she was and at all times since May 7, 1924, had been the legal owner in fee simple of said premises, and that since said date the plaintiff had no estate, right, title or interest therein

or in any portion thereof. The prayer of her answer is "that the plaintiff take nothing by this suit and that the same be dismissed and that this defendant have her costs and disbursements herein as allowed by law". The cause went to trial upon the issues as thus framed, and in the course thereof it appeared that the alleged title and claim of ownership of the defendant in and to said premises depended upon a conveyance executed by the plaintiff to her on or about May 7, 1924. The plaintiff attacked this conveyance as having been obtained from him by the defendant without consideration and by the exercise of undue influence at and prior to the time of the execution and delivery thereof and at a time when the plaintiff was old, infirm and easily influenced and was incompetent to enter into such a transaction. Practically the entire evidence in the case was directed to this issue. We do not deem it profitable to review this evidence in detail nor to set forth even in substance the considerable mass thereof which dealt intimately with the relationship between the parties to this action from a time prior to the date in 1908 when the plaintiff acquired the property in question and which had particular reference to and after the time in 1923 when the defendant became an inmate of the home of the plaintiff, who had been living alone therein since the death of his wife some years before, and who was at that time of the age of about seventy-five years, and was in feeble health and in increasingly failing mental condition. While so occupying his home and while exercising a large degree of dominion over him and his affairs the defendant obtained from him the deed upon which she relied in the assertion of her title and ownership of said property. The trial court, after hearing the evidence of the respective parties and of their immediate neighbors touching this issue, made and filed its findings of fact and conclusions of law, wherein the court, after finding that since the commencement of said action the plaintiff had been adjudged incompetent and that a guardian had been duly and regularly appointed over his person and estate, proceeded to find that the plaintiff at the date of the institution of the action was and for a long time prior thereto had been and had ever since continued to be the owner in fee simple of the real estate in question, and that: "The purported deed mentioned and set forth in the answer of defendant, and

which has been placed upon record in book 6743, at page 218, of official records in the office of the county recorder of said Los Angeles county, is void and of no effect, and that the same casts a cloud upon the title of plaintiff to said premises; and said deed was without consideration, and was obtained by defendant from plaintiff by the exercise of undue influence and at a time when the plaintiff was old, infirm and easily influenced and therefore incompetent to enter into said transaction, and that defendant has therefore not acquired any right, title, claim or interest in or to said premises, or any part thereof, by virtue thereof, or otherwise.'' As a conclusion of law from the foregoing findings of fact the court found that the plaintiff was entitled to have his title quieted in and to said premises and the whole thereof as against the defendant and all persons claiming by, through or under her. The judgment in plaintiff's favor accordingly followed, and it is from said judgment that this appeal is taken.

The sole question presented for our consideration is the sufficiency of the evidence to justify the foregoing findings of fact and conclusions of law of the trial court. We are satisfied from an examination of the record that the evidence fully sustains such findings and conclusions, and hence that there is no merit in the defendant's appeal. It would be a waste of time and energy to undertake to review the evidence in this case in further detail.

The judgment is affirmed.

Shenk, J., Curtis, J., Langdon, J., Seawell, J., and Preston, J., concurred.